**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Larry Joe DOOLEY, Defendant-Appellant.**

**No. 78–5255.**

United States Court of Appeals, Fifth Circuit.

Jan. 3, 1979.

Larry Joe Dooley, pro se.

Beverly B. Bates, Atlanta, Ga. (Court Appointed), for defendant-appellant.

William L. Harper, U. S. Atty., Julie E. Carnes, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before THORNBERRY, AINSWORTH and MORGAN, Circuit Judges.

PER CURIAM:

Appellant Larry Joe Dooley was convicted, after a jury trial, on one count of a four-count indictment charging the unlawful receipt of four stolen motor vehicles that had been transported in interstate commerce knowing these vehicles to have been stolen, in violation of 18 U.S.C. § 2313. Dooley asserts two errors which entitle him to reversal of his conviction and to a new trial. We have carefully examined both issues and find them to be without merit. Accordingly, the conviction is affirmed.

■ The first issue relates to claimed prejudice because a prosecution witness was allowed by the trial judge to exercise his Fifth Amendment rights under cross-examination and to decline to answer defense counsel's questions about the theft of specific vehicles. No objection was made at the trial by the defense regarding the court's ruling and so we must determine if there was resultant plain error. *See United States v. Greene*, 5 Cir., 1978, 578 F.2d 648, 654. We find no error in the trial court's ruling since it is clear that the witness properly asserted his Fifth Amendment privilege when he was being questioned specifically about facts which would incriminate him both as to possible state or federal prosecution in connection with the theft of motor vehicles.[1] *See Hoffman v. United States*, 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118 (1951).

■ Nor do we find error on the second issue presented by appellant, namely, that the court erred in allowing the introduction of evidence by the Government of other similar acts for the ostensible purpose of establishing guilty knowledge on the part of defendant that the motor vehicles were stolen. The evidence pertained to the fact

---

1. We reject Dooley's argument that Stevens waived his Fifth Amendment privilege by testifying. Dooley's argument appears to be based on the notion that a "defendant who takes the stand waives his fifth amendment privilege against self-incrimination at least to the extent of cross examination relevant to the issues raised by his testimony." *United States v. Beechum*, 5 Cir., 1978, 582 F.2d 898, 907 (en banc), *citing Brown v. United States*, 356 U.S. 148, 155–56, 78 S.Ct. 622, 2 L.Ed.2d 589 (1958). *See also United States v. Hearst*, 9 Cir., 1977, 563 F.2d 1331, 1338–44, *cert. denied*, 435 U.S. 1000, 98 S.Ct. 1656, 56 L.Ed.2d 90 (1978).

The important distinction between *Beechum* and *Hearst* and the instant case is that the witness is not the defendant. When a defendant chooses to testify, he makes an issue of his credibility, *Hearst* at 1341, and in the interest of truth, the Government is allowed to cross-examine the defendant with respect to matters about which he testifies. *Beechum* at 908. The witness in this case does not stand in the same shoes. He cannot, as a preemptory matter, refuse to testify and the only opportunity *the witness has to exercise his Fifth Amend-* ment right arises after it becomes apparent that the witness is called upon to incriminate himself. In these circumstances, we do not believe that it is appropriate to impress a waiver upon a witness in the same manner a waiver is impressed upon a defendant who chooses to testify.

that a number of other stolen motor vehicles were in the possession of defendant on his used car lot at the time the vehicle upon which he was convicted was also recovered in his possession. The evidence was properly introduced under the provisions of Rule 404(b), Fed.R.Evid., which relate to proof of other similar acts. We likewise agree with the Government that there was a substantial need for this evidence in order to establish guilty knowledge on the part of the defendant. *See United States v. Myers,* 5 Cir., 1977, 550 F.2d 1036; *United States v. Beechum,* 5 Cir., 1978, 582 F.2d 898 (en banc).

AFFIRMED.